FRANCIS *et al. vs.* WOOD *et al.*

CASE, FROM CITY COURT OF ATLANTA. Libel. Actions. Torts. Perjury. Malicious Arrest. False Imprisonment. Malicious Prosecution. Practice in Superior Court. Demurrer. Verdict. (Before Judge Clarke.)

Hall, J.—An affidavit made before a magistrate, charging the defendant with perjury, and made for the purpose of causing his arrest, will not furnish the basis of an action for libel, even if it be falsely and maliciously made. The proper remedy, where an affidavit is falsely and maliciously made in the course of a judicial proceeding, is not by suit for libel, but by conviction and punishment for perjury. The only exception is, where an affidavit is made recklessly and maliciously before a court which has no jurisdiction in the matter and no power to entertain the proceedings. Odgers Lib. and Slan., pp. 191, 192, 193; 2 Add. Torts, §1092; 4 Co., 14 b; 18 C. B., 126.

(a) This principle is not altered so as to give a right of action in libel for the making of such affidavits, because they are not enumerated among the privileged communications stated in Code, §2980.

(b) Where such an affidavit has led to a prosecution, arrest and imprisonment, such prosecution being initiated and conducted maliciously and without probable cause, for each and all of these wrongs an action will lie.

(c) Where an action was brought on several counts, the first being for libel on account of an affidavit falsely and maliciously sworn out, charging the plaintiff with perjury, and the other counts being for malicious arrest, malicious prosecution and false imprisonment, under the warrant issued on such an affidavit, the defendant might have demurred to the count based on the libel, but was not bound to do so; and a failure so to do would not amount to a waiver, or authorize a trial on that

count. There was error in submitting the matters contained in this count to the jury and in charging that they might find thereon ; and a verdict which evidently resulted, in large measure, from this count, although it was in conjunction with others which were good, cannot be allowed to stand.

Judgment reversed.

Hoke & Burton Smith, for plaintiffs in error.

Haygood & Martin ; Speairs & Simmons, for defendants.